# Supreme Court of Florida

---

No. SC2023-1092

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.061 AND FORM 1.983.**

May 16, 2024

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee filed a report proposing amendments to Florida Rule of Civil Procedure 1.061 (Choice of Forum) and form 1.983 (Prospective Juror Questionnaire).[1]  The proposed amendments delete the appellate standards of review from rule 1.061 and correct a statutory citation in form 1.983.

The Florida Bar's Board of Governors unanimously recommends acceptance of the proposed amendments.  We published the proposed amendments for comment in the October 2023 edition of *The Florida Bar News*.  No comments were received.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

Having considered the Committee's report, we adopt the amendments to the Florida Rules of Civil Procedure proposed by the Committee, except for its proposal to replace the word "equipoise" in rule 1.061(a)(3) with the word "equal." "Equipoise" is specifically defined in case law and the Court Commentary section of rule 1.061, and we see no reason to utilize a different term at this time. *See Kinney Sys., Inc. v. Cont'l Ins. Co.*, 674 So. 2d 86, 91 (Fla. 1996). We also revise the Court Commentary for rule 1.061 to delete references to the appellate standards of review.

Accordingly, the Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective on July 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Judson Lee Cohen, Chair, Civil Procedure Rules Committee, Miami Lakes, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 1.061. CHOICE OF FORUM

**(a) Grounds for Dismissal.** An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:

(1)-(4) [No Change]

The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, ~~subject to review for abuse of discretion~~.

**(b) Stipulations in General.** The parties to any action for which a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida may stipulate to conditions ~~upon~~ which a ~~forum-non-conveniens~~ dismissal ~~shall~~must be based on forum non conveniens, subject to approval by the trial court. The decision to accept or reject the stipulation rests in the sound discretion of the trial court, ~~subject to review for abuse of discretion~~.

A ~~forum-non-conveniens~~ dismissal based on forum non conveniens ~~shall~~must not be granted unless all defendants agree to the stipulations required by subdivision (c) and any additional stipulations required by the court.

**(c) Statutes of Limitation.** In moving for ~~forum-non-conveniens~~a dismissal based on forum non conveniens, defendants ~~shall~~will be deemed to automatically stipulate that the action will be treated in the new forum as though it had been filed in that forum on the date it was filed in Florida, with service of process accepted as of that date.

**(d) Failure to Refile Promptly.** When an action is dismissed in Florida for forum non conveniens, plaintiffs ~~shall~~will automatically be deemed to stipulate that they will lose the benefit of all stipulations made by the defendant, including the stipulation provided in subdivision (c) of this rule, if plaintiffs fail to file the

action in the new forum within 120 days after the date the Florida dismissal becomes final.

**(e)** **Waiver of Automatic Stipulations.** ~~Upon~~With unanimous agreement, the parties may waive the conditions provided in subdivision (c) or (d), or both, only when they demonstrate and the trial court finds a compelling reason for the waiver. ~~The decision to accept or reject the waiver shall not be disturbed on review if supported by competent, substantial evidence.~~

**(f)** **Reduction to Writing.** The parties ~~shall~~must reduce their stipulation to a writing signed by them, which ~~shall~~must include all stipulations provided by this rule and which ~~shall~~will be deemed incorporated by reference in any subsequent order of dismissal.

**(g)** **Time for Moving for Dismissal.** A motion to dismiss based on forum non conveniens ~~shall~~must be served not later than 60 days after service of process on the moving party.

**(h)** **Retention of Jurisdiction.** The court ~~shall~~will retain jurisdiction after the dismissal to enforce its order of dismissal and any conditions and stipulations in the order.

## Court Commentary

This section was added to elaborate on Florida's adoption of the federal doctrine of forum non conveniens in *Kinney System, Inc. v. Continental Insurance Co.*, 674 So. 2d 86 (Fla. 1996), and it should be interpreted in light of that opinion.

Subdivision (a) codifies the federal standard for reviewing motions filed under the forum-non-conveniens doctrine. ~~Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse-of-discretion standard.~~

As stated in *Kinney*, the phrase "private interests" means adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the

practicalities and expenses associated with the litigation. Private interests do not involve consideration of the availability or unavailability of advantageous legal theories, a history of generous or stingy damage awards, or procedural nuances that may affect outcomes but that do not effectively deprive the plaintiff of any remedy.

"Equipoise" means that the advantages and disadvantages of the alternative forum will not significantly undermine or favor the "private interests" of any particular party, as compared with the forum in which suit was filed.

"Public interests" are the ability of courts to protect their dockets from causes that lack significant connection to the jurisdiction; the ability of courts to encourage trial of controversies in the localities in which they arise; and the ability of courts to consider their familiarity with governing law when deciding whether to retain jurisdiction over a case. Even when the private conveniences of the litigants are nearly in balance, a trial court has discretion to grant a forum-non-conveniens dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, or that foreign law will predominate if jurisdiction is retained.

Subdivision (b) provides that the parties can stipulate to conditions of a forum-non-conveniens dismissal, subject to the trial court's approval. ~~The trial court's acceptance or rejection of the stipulation is subject to appellate review under an abuse-of-discretion standard.~~

Subdivisions (c) and (d) provide automatic conditions that shall be deemed included in every forum-non-conveniens dismissal. The purpose underlying subdivision (c) is to ensure that any statute of limitation in the new forum is applied as though the action had been filed in that forum on the date it was filed in Florida. The purpose underlying subdivision (d) is to ensure that the action is promptly refiled in the new forum. Both of these stipulations are deemed to be a part of every stipulation that does not expressly state otherwise, subject to the qualification provided in subdivision (e).

Subdivision (e) recognizes that there may be extraordinary conditions associated with the new forum that would require the waiver of the conditions provided in subdivisions (c) and (d). Waivers should be granted sparingly. Thus, the parties by unanimous consent may stipulate to waive those conditions only upon showing a compelling reason to the trial court. ~~The trial court's acceptance or rejection of the waiver may not be reversed on appeal where supported by competent, substantial evidence.~~

Subdivision (f) requires the parties to reduce their stipulation to written form, which the parties must sign. When and if the trial court accepts the stipulation, the parties' agreement then is treated as though it were incorporated by reference in the trial court's order of dismissal. To avoid confusion, the parties shall include the automatic stipulations provided by subdivisions (c) and (d) of this rule, unless the latter are properly waived under subdivision (e). However, the failure to include these automatic conditions in the stipulation does not waive them unless the dismissing court has expressly so ruled.

### Committee Notes

[No Change]

# FORM 1.983.  PROSPECTIVE JUROR QUESTIONNAIRE

**DIRECTIONS TO ATTORNEYS AND PRO SE LITIGANTS:**
**Before you file a copy of this form, redact the month and date of the prospective juror's birth in question #3, but retain the year of birth.**
**Fla. R. Gen. Prac. & Jud. Admin. 2.425(a)(2)**

QUESTIONNAIRE FOR PROSPECTIVE JURORS

1.      Name: (print)

..................................................................................................................
(first)                    (middle)                    (last)

2.      Residence address:

..........................................................................................
(street and number)

..........................................................................................
(city)                                        (zip)

3.      Date of birth:

..................................................................................................................

Sex: ................................      Occupation: .....................................

4.      Do you understand the English language?

.....................................                  ..........................................
(yes)                                              (no)

5.      Do you read and write the English language?

.....................................                  ..........................................
(yes)                                              (no)

6.      Have you ever been convicted of a crime and not restored to your civil rights?

.....................................                  ..........................................
(yes)                                              (no)

If "yes," state the nature of crime(s), the date of the conviction(s), and the name of the court(s) in which you were convicted:

.......................................................................................................................

.......................................................................................................................

7.     Are there any criminal charges pending against you of which you are aware?

.................................                    .........................................
(yes)                                                      (no)

If "yes," state the nature of the charge(s) and the name of the court(s) in which the case(s) is pending:

.......................................................................................................................

.......................................................................................................................

8.     FULL-TIME LAW ENFORCEMENT OFFICERS AND LAW ENFORCEMENT INVESTIGATIVE PERSONNEL ONLY. Section 40.013(2)(b), Florida Statutes, provides that "[a]ny full-time federal, state, or local law enforcement officer or such entities' investigative personnel shall be excused from jury service unless such persons choose to serve." Do you choose to serve?

.................................                    .........................................
(yes)                                                      (no)

9.     List any official executive office you now hold with the federal, state, or .......... county government:

.......................................................................................................................

.......................................................................................................................

10.   Is your hearing good?  ....................                    ........................
(yes)                                                      (no)

Is your eyesight good?  ..................                    ........................
(yes)                                                      (no)

(The court may require a medical certificate.)

11.   Do you have any physical or mental disability that would interfere with your service as a juror?

............................................... ...............................................
(yes) (no)

If "yes," state the nature:

..............................................................................................................

(The court may require a medical certificate.)

12. Do you know of any reason(s) why you cannot serve as a juror?

............................................... ...............................................
(yes) (no)

If "yes," state the reason(s):

..............................................................................................................

..............................................................................................................

13. EXPECTANT MOTHERS AND PARENTS ONLY: Section 3̶40.013(4), Florida Statutes, provides that "[a]ny expectant mother and parent who is not employed full time and who has custody of a child under 6 years of age, upon request, shall be excused from jury service." Do you want to be excused under this provision?

............................................... ...............................................
(yes) (no)

If "yes," what are the ages of your children?

..............................................................................................................

_____
Signature

This is not a summons for jury duty. If your name is later drawn for jury service, you will be summoned by clerk of court by mail.

**NOTE:** This form does not use a caption as shown in form 1.901. It may be headed with the designation of the authority charged by law with the selection of prospective jurors.